UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DAVID L. FIELD and SUSAN L. FIELD,          Case No. DK 11-03944
                                            Chapter 7
        Debtors.                            Hon. Scott W. Dales

_____/

MEMORANDUM DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

On April 7, 2011, Debtors David L. Field and Susan L. Field ("Debtors") filed a voluntary petition for relief under Chapter 7, together with an application to waive the filing fee or the *in forma pauperis* application (the "IFP Application"). After reviewing the IFP Application and the schedules, the court entered its Order Granting Debtors' Application for Waiver of the Chapter 7 Filing Fee dated May 9, 2011 (the "IFP Order," DN 13), without objection.

At the first meeting of creditors held pursuant to 11 U.S.C. § 341, the Debtors advised Chapter 7 trustee Thomas Tibble (the "Trustee") that Mr. Field had returned to work earning $16 per hour. Based on this testimony and on the Trustee's belief that the Debtors could cut some expenses and somehow liberate equity from Mrs. Field's share of the residential real estate she jointly owns with her mother, the Trustee asked the court to reconsider the IFP Order, as the IFP Order expressly invites.  *See* IFP Order at second decretal paragraph ("this Order is subject to being vacated at a later time if developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted"). On August 2, 2011, in Kalamazoo, the court

held a hearing to consider whether to vacate the IFP Order. At that hearing, the parties waived the right to insist on a full evidentiary hearing.

The Debtors explained that, although Mr. Field did return to work for a short time, his physical condition, nevertheless, prevented him from continuing to work. He reported that, in fact, he is no longer employed.  As for Mrs. Field, her income is similarly limited, as she receives only disability payments.  With respect to her interest in the jointly-owned real estate, she reported her belief (corroborated by Schedule D) that there is very little equity, given the value of the property, her one-half interest in it, and the existing encumbrance.

In reaching its decision to enter the IFP Order, the court considered whether the Debtors meet the income requirements prescribed in 28 U.S.C. § 1930(f)(1), and whether they are unable to pay the filing fee in installments.  The Trustee has not persuaded the court that the Debtors are not income-qualified for *in forma pauperis* relief, and the court continues to believe that they are unable to pay the filing fee in installments.  First, Mr. Field's $16 per hour job was short-lived given his physical condition and does not at this point support installment payments.  The Debtors' budget reflected on Schedule I & J also paints a bleak picture.  The court does believe that the Debtors can afford the payments required to meet the 120-day installment payment deadline that presumptively applies, even with a two-month extension "for cause." *See* Fed. R. Bankr. P. 1006(b).  Second, it is unreasonable to require Mrs. Field to liquidate her share of the real estate (where she lives with her husband and mother) in time to meet these deadlines. Indeed, at the hearing the Trustee suggested that he would not be inclined to liquidate that property to pay the filing fee.

In short, the court is not persuaded that "developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted." Under these circumstances, the court will deny the Trustee's request to vacate the IFP Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Trustee's request to vacate the IFP Order, styled as a Request for Hearing (DN 19), is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon David L. and Susan L. Field, Joseph C. McCully, Jr., Esq., Thomas R. Tibble, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**    _____
Scott W. Dales
United States Bankruptcy Judge

**Dated: August 03, 2011**